Nelson, Respondent, vs. Nelson and another, Appellants.

*February 9—March 8, 1955.*

For the appellants there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent there was a brief by *A. Leonard Bentson* of Lakeville, Minnesota, and *Lawrence P. Gherty* of Hudson, and oral argument by *Mr. Gherty.*

FAIRCHILD, C. J.   In submitting the case to the jury, the trial court, in connection with the question relating to the negligence of the defendant Nelson, instructed the jury on the subject of emergency.  Appellant Nelson urges, on this appeal as he did at the trial below, that he was confronted with an emergency created by the defendant Bottolfson as the two cars approached each other.  The emergency was claimed to be due to the veering by defendant Bottolfson to Nelson's side of the highway.  The jury, in passing on the degree of diligence required of defendant Nelson were bound to measure the care which he exercised to avoid responsibility for the collision by the standard of what an average person of ordinary prudence and caution would do under similar circumstances.  Circumstances and conditions of opportunity may vary, but the care should be proportioned to the danger to be avoided and consequences which may result from the want of exercise of ordinary care.  The jury found Nelson negligent as to his position on the highway, he having moved into the left lane.  They also found him negligent as to the management and control of his vehicle.  He had not modified his speed until immediately before the accident.

The pertinent facts are that plaintiff was injured while riding with her husband, appellant Nelson.  He was driving in a southerly direction on Highway 35 when, about four miles south of River Falls, he saw a car driven by Bottolfson coming northerly on the same highway.  He noticed the Bottolfson car after it came over the crest of a hill some 140 rods (about three-eighths mile) distant.  At that time Nelson was driving between 50 and 65 miles an hour, and Bottolfson about 35.  Thus the distance between the approaching cars would be closed on the basis of a speed of about 100 miles per hour.

The difference in testimony given by Nelson and that given by Bottolfson becomes of consequence, for the jury did not

accept Nelson's version as controlling in certain important particulars. Bottolfson testified that as he came up over the hill he realized that his car was swerving to the left, that he began pulling his car back to his side of the road when about 100 feet distant from Nelson, who had not diminished his speed, and that when the two cars were a short distance apart, Nelson swung his car into the east lane, that at that time Bottolfson had got his car back into his proper lane. He testified that the left front end of his car and the right front end of Nelson's car came together about in the center of the road. After the collision, both cars came to rest parallel with each other, facing easterly. The highway was a straight Tarvia road, 25 feet wide, with grass and gravel shoulders four to five feet wide, beyond which was a sloping ditch about one or one and one-half feet deep. The court was warranted in concluding that Nelson was not confronted with a sudden emergency caused entirely by Bottolfson because of the time for observation and time for forming a judgment as to the proper method of proceeding. This was to be considered in connection with the width of the highway and the shoulders. It becomes apparent upon a full review of the testimony that the appellant was not placed in danger without negligence on his part. 1 Berry, Automobiles (6th ed.), p. 199, sec. 229.

Nelson testified to noticing Bottolfson's car moving toward his lane of travel after it appeared coming over the hill. At that time he had on his side of the road one half of a 25-foot highway, with a shoulder to his right of four feet, and under the circumstances the jury had before them evidence that he did not change his course until later. He testified that he did not know just exactly where the point of contact was. He said: "I would say maybe it was on the center line,— we was on the center line at the same time. The left part of my automobile was on the center line. It happened so fast I got excited and might have gone over there—might have

been over on the other side. When it ended up it was sitting on the other side of the highway."

In judging the matter of emergency and in measuring the care and caution used by Nelson, the jury considered the evidence referred to, and that he noticed Bottolfson's car moving toward his lane from the time it appeared over 2,000 feet away, and that he had on his side of the road one half of a 25-foot highway, with a shoulder to his right of four feet. Nevertheless, when the cars were only 12 feet apart, Nelson turned to his left instead of continuing on his side of the road or moving farther to his right.

The trial court properly denied a new trial as to the issues of negligence and emergency, and the evidence warrants the final judgment as entered below.

*By the Court.*—Judgment affirmed.